**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | CASE No. 16-42066 |
| **JAE MOO CHOI AND JUNG H. CHOI** ) | |
| **8900 Independence Parkway, Apt. 7201** ) | **CHAPTER 11** |
| **Plano, TX 75025** ) | |
| ) | |
| **Debtors.** ) | |

## UNITED STATES OF AMERICA'S MOTION TO DISMISS

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have on in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and /or legal basis for opposing the relief.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The United States of America on behalf of its agency, the Internal Revenue Service ("IRS"), a creditor and party in interest, moves to dismiss this case under 11 U.S.C. § 1112(b)(1), and in support respectfully shows as follows:

1

## I.     Summary

This case should be dismissed because the Reorganized Debtors have not complied with plan provisions requiring them to remain current on their payment of any tax to the Internal Revenue Service and, thereby, have committed a material default with respect to the confirmed plan.

## II.     Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. §157(a).  A motion to dismiss or convert is a core matter.  28 U.S.C. §157(b)(2)(A).

## III.     Factual and Procedural History

1.  This case was commenced by the filing of a voluntary petition under Chapter 11 of Title 11 on November 10, 2016.  No trustee or committee of unsecured creditors was appointed.

2.  The United States of America, on behalf of its agency, the Internal Revenue Service ("IRS"), filed its Proof of Claim in this case on March 24, 2017, in the total amount of $159,835.08, consisting of a secured claim in the amount of $0.00, an unsecured priority claim in the amount of $122,591.50, and an unsecured general claim in the amount of $37,243.58.  The Internal Revenue Service is the debtors' single largest creditor to whom the Debtors owe $159,835.08 in accumulated income taxes as of the petition date.

3.  A plan was confirmed on May 5, 2017.

4.  Debtors requested and obtained an extension until October 15, 2017, to file their Form 1040 Income Tax Return for 2016.  On or about August 29, 2017, Debtors

filed their Form 1040 Income Tax Return for 2016, but failed to pay their 2016 income tax liability of $108,115.35. They also failed to pay $5,371.39 for health care tax for 2016.

5. Additionally, based upon IRS records, no Estimated Tax payments have been made by the Debtors for any quarter of 2017 for the income they earned in 2017.

6. Under the confirmed plan, the reorganized Debtors must pay $1928.62 per month to the IRS over a six year period to satisfy its priority claim. (Dkt. No. 37, § 5.4). Additionally, the plan provides that the IRS may declare a default if the Debtors "fail to make payment of any tax to the IRS within 10 days of the due date of such deposit or payment. (Dkt. No. 37, § 5.4(a)). On October 18, 2017, IRS issued a Final Notice of Default to the Reorganized Debtors and their counsel. The reorganized Debtors were notified: 1.) that pursuant to 11 U.S.C § 1112(b), they are required to file and pay all post-petition taxes; 2.) that IRS's records show that they had not paid the $108,115.35 due for their 2016 Form 1040 taxes and $5,371.39 for health care tax for 2016; and 3.) that they had not made any estimated tax deposits for tax year 2017. The Debtors have not cured their default of their confirmed plan.

7. On December 21, 2017, the Reorganized Debtors filed an application for the issuance of a final decree. No Final Decree has been entered to date.

### IV. Argument

8. The Debtors' failure to pay their post-petition tax liabilities is cause to dismiss pursuant to 11 U.S.C. §§ 1112(b)(4)(A), (I), and (N).

9. The Debtors' inability or unwillingness to pay taxes while under the Court's protection from the need to pay pre-petition creditors both causes a loss to the estate in view of their incurrence of tax penalties [11 U.S.C. §503(b)(1)(C)], and suggests that they are unable to both pay their current taxes and make plan payments after confirmation of a plan. This is a continuing loss to and diminution of the estate, and it shows the absence of a reasonable likelihood of rehabilitation which is cause to dismiss. 11 U.S.C. § 1112(b)(4)(A). Additionally, their failure to timely pay taxes owed after the date of the order for relief is cause to dismiss pursuant to 11 U.S.C. § 1112(b)(4)(I). Finally, the Debtors failure to make payment of any tax to the IRS within 10 days of the due date of such deposit or payment is a material default by the debtors with respect to their confirmed plan, and is cause to dismiss pursuant to 11 U.S.C. § 1112(b)(4)(N).

10. Amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), §1112 now specifically recognizes the failure to pay taxes after the petition date as facts constituting "cause." Moreover, the statutory language has been changed after BAPCPA from permissive dismissal to mandatory dismissal upon a showing of cause. *In re Dovetail, Inc.*, 2008 WL 5644889 (Bankr. N.D. Ill. Dec. 31, 2008)("The amendments to §1112 limit the court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause."); *In re ARS Analytical, LLC*, 433 B.R. 848, 865 (Bankr. D. NM 2010).

8. If cause is established, the burden shifts to the Debtors to prove that they fall within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion or dismissal. *Id.* at § 1112(b)(2). In the case at hand, cause has been

4

established in that these Debtors, among other grounds, has failed to make any post-petition tax payment to the IRS as required by § 1112(b)(4)(I).  Upon information and belief, the IRS asserts that the bankruptcy estate has no assets which, upon liquidation in a Chapter 7 case, could be dispersed to the benefit of creditors of the estate.  Barring the Debtors meeting their burden and establishing an exception, dismissal is appropriate in this case.  Accordingly, the United States requests that the relief sought, being dismissal, be granted pursuant to 11 U.S.C. §§ 1112(b)(4)(A), (I), and (N).

For the reasons set forth herein, the United States requests that the case be dismissed.

Respectfully submitted,

ALAN R. JACKSON
UNITED STATES ATTORNEY

*/s/ Ruth Harris Yeager*
_____
Ruth Harris Yeager
Assistant U.S. Attorney
State Bar No. 09092700
110 N. College, Suite 700
Tyler, TX  75702
Tel:    903/590-1400
Fax:   903/590-1436
Email:  tyler.bankruptcy@usdoj.gov

ATTORNEYS FOR USA

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was served on the Debtors, Debtors' counsel, the United States Trustee's Office, and the attached creditor matrix via the Court's CM/ECF system or by first class United States Mail on this 11th day of January, 2018.

 Jae Moo Choi
 Jung H. Choi
 8900 Indepencence Parkway, Apt. 7201
 Plano, Texas 75025

**Joint Debtors**

 Eric A. Liepins
 12770 Coit Road
 Suite 1100
 Dallas, Texas 75251

**Debtors' Attorney**

 John Vardeman
 Assistant U.S. Trustee
 110 N. College Ave., Suite 300
 Tyler, Texas 75702

           */s/ Ruth Harris Yeager*
           Ruth Harris Yeager